UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS J. CURRIER, an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STRYKER CORPORATION; STRYKER SALES CORPORATION; HOWMEDICA ONSTEONICS CORP, dba STRYKER ORTHOPAEDICS; and DOES 1-20,<br>　　　　　　Defendants. | Case No. 2:11-CV-1203 JAM-EFB<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

This matter is before the Court on Defendants' Stryker Corporation ("Stryker") and Howmedica Osteonics Corporation's ("Howmedica") Motion to Dismiss (Doc. #28) Plaintiff Travis Currier's ("Plaintiff") Second Amended Complaint ("SAC"), (Doc. #26), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion to dismiss. (Doc. #31). For the reasons set forth below, the motion to dismiss is DENIED.[1]

---

[1] This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). Oral argument was scheduled for February 22, 2012.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises from a medical device that was surgically implanted in Plaintiff's leg.  Plaintiff alleges that a portion of his left femur was removed due to sarcoma and replaced with femoral endoprothesis (a femoral stem and joined pieces), in an operation that took place in December 1994.  Second Am. Compl., ¶ 10.  Plaintiff alleges that the femoral endoprothesis was Defendants' product, and was dangerous and defective when it was inserted into his femur.  Second Am. Compl., ¶¶ 10-11. Plaintiff was 15 at the time of the surgery.  Second Am. Compl., ¶ 10.  The SAC alleges that despite Defendants' representations to Plaintiff, his physician and his parents that the product was of superior quality and would last for Plaintiff's lifetime, the product failed and broke in February 2010.  Second Am. Compl., ¶ 12.  The product's failure caused injury and necessitated further surgery to replace the product that broke.  Second Am. Compl., ¶ 12.  The SAC contains two claims against Defendants for Strict Products Liability and Negligence.  Plaintiff seeks general damages, medical expenses and lost wages.

Defendants contend that the SAC does not correct the deficiencies identified by the Court in its previous Order, (Doc. #25), and that the SAC should be dismissed with prejudice.  The Court's Order granted in part and denied in part Defendants' motion to dismiss the First Amended Complaint.  Specifically, the Court found that Plaintiff had failed to state a claim for Strict Liability, that Defendants had not properly moved to dismiss the claim for Negligence, and that Plaintiff had failed to state a claim for Breach of Warranty.  <u>Currier v. Stryker Corp.</u>, 2011 WL

2

4289501 (E.D. Cal. Oct. 13, 2011). The Court granted leave to amend the Strict Liability claim. Having amended the Strict Liability claim and renewing the Negligence claim, Plaintiff argues that he has sufficiently plead his claims in the SAC.

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not

be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Motion

    1. Strict Products Liability

The first cause of action is a strict products liability claim based on a manufacturing defect theory. Plaintiff alleges that Defendants' product was designed so as not to break after implantation in Plaintiff's leg. Plaintiff alleges that the design included the use of composite materials which were intended to last for the lifetime of the persons into which the femoral stem products were implanted, and that a manufacturing, production and testing process was also designed to ensure that the products were of uniform composition and would not have weak areas where composite material might break. Second Am. Compl., ¶ 16. However, because the femoral stem product did break, the SAC alleges that the product left Defendants' possession with an inherent weakness at the point of the break. Second Am. Compl., ¶ 12. Contrary to its design, the product had a defect when it was implanted which made it likely to fail and break at the point where it did. Second Am. Compl., ¶ 17. Plaintiff argues that these allegations are sufficiently specific to allege a manufacturing defect claim.

Defendants argue that the allegations merely state the elements of a claim for manufacturing defect, and do not provide sufficient factual support for a plausible manufacturing defect claim. In particular, Defendants contend that Plaintiff fails to describe, beyond using conclusory allegations, how the device at issue was manufactured differently from other identical models. Defendants argue that Plaintiff's use of the terms "inherent

weakness" to describe the defect is vague and implies an essential problem with the design of the product, not a problem occurring during manufacture.

California recognizes three theories of product liability: design defect, manufacturing defect, and failure to warn. <u>Yalter v. Endocare</u>, 2004 WL 5237598 at *3 (C.D. Cal. Nov. 8, 2004). Under the manufacturing defect theory, generally a manufacturing or production defect is readily identifiable because a defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line. <u>Lucas v. City of Visalia</u>, 726 F.Supp.2d 1149, 1154 (E. D. Cal. 2010) (internal citations omitted). The manufacturing defect theory posits that a suitable design is in place, but that the manufacturing process has in some way deviated from that design. <u>Id.</u> at 1155. In order to state a claim for manufacturing defect, the allegations may not simply track the general elements of strict products liability without pertinent factual allegations. <u>Id.</u> A plaintiff intending to allege a manufacturing defect "must identify/ explain how the [product] either deviated from [defendant's] intended result/design or how the [product] deviated from other seemingly identical [product] models." <u>Id.</u>

Here, the SAC sufficiently states a claim for strict product liability based on a theory of manufacturing defect. While Plaintiff does not offer an extensive explanation of the manufacturing process and how such a process differed for production of the femoral stem product at issue in this case, such level of detail is not necessary at this stage of the pleadings. Plaintiff has alleged that the product was properly designed and

used proper composite materials, but that this particular femoral stem product differed from the intended design because it had a manufacturing flaw that caused it to have a weak spot and unexpectedly break.  Accordingly, the motion to dismiss the strict product liability claim is DENIED.

        2.   Negligence

The second claim is a negligence claim, alleging that Defendants owed a duty of care to Plaintiff in the manufacture, production and testing process so that the femoral stem products that were subject to failure were not implanted into consumers, including Plaintiff.  Defendants breached that duty by failing to use due care for Plaintiff's safety in their design, manufacturing, production and/or testing process so that their femoral stem product that was implanted into Plaintiff had a weak area where it could break.  Second Am. Compl., ¶¶ 25, 26.

Defendants contend that the allegations in the negligence claim are inadequate, as they do not differentiate between Defendants and do not specify what duty of care is owed. Defendants further argue that the SAC alleges the elements of a negligence claim but does not plead any facts to support the claim.

A negligence claim under California law requires a plaintiff to allege that

> the defendant owed plaintiff a legal duty, breached the duty, and that the breach was a proximate or legal cause of plaintiff's injury.  In the context of a products liability lawsuit, under a negligence theory, a plaintiff must also prove that the defect in the product was due to the negligence of the defendant.

In re Toyota Motor Corp. Unintended Acceleration, Marketing, Sales Practices and Products Liability Litigation, 754 F.Supp.2d 1208,

1223 (C. D. Cal. 2010) (internal citations omitted).

Here, Plaintiff has alleged that Defendants owed a duty of care to Plaintiff which was breached by Defendants' negligence in the design, manufacture, production or testing of the femoral stem product, and Plaintiff was injured as a result when the implanted product broke.  Plaintiff has alleged that Defendants' negligence was the proximate cause of the Plaintiff's injury, the product reached Plaintiff without substantial change in the condition in which it was sold by Defendants, and was used by Plaintiff and Plaintiff's physician as anticipated by Defendants.

At this stage of the litigation, the Court must take the allegations in the SAC as true, and Plaintiff has sufficiently alleged a claim for negligence.  Whether Plaintiff will ultimately be able to prove that Defendants were negligent in the design, manufacture or testing of the broken femoral stem product remains to be seen, however, the allegations of the SAC are sufficient to overcome a motion to dismiss.  Accordingly, the motion to dismiss the negligence claim is DENIED.

### III. ORDER

For the reasons set forth above, the motion to dismiss is DENIED. Defendants shall file their answer to the SAC within twenty (20) days of this Order.

IT IS SO ORDERED.

Dated: March 26, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE